UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMANTE STANSBERRY,

Plaintiff,

-against-

GOSHEN NY ORANGE COUNTY COURTHOUSE,

Defendant.

25-CV-6632 (PAC)

ORDER OF DISMISSAL

PAUL A. CROTTY, United States District Judge:

Plaintiff, who is currently incarcerated at Auburn Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, challenging his Orange County conviction. By order dated August 25, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court also must dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) .

**BACKGROUND**

The following facts are drawn from the complaint.[2] Plaintiff "was wrongly convicted for murder in [the] 2nd degree instead of assault. The evidence speak[s] for it[]self[.]" (ECF 1, at 4.) Plaintiff claims that he "was framed for murder" [and] "they planted his blood on my clothes plus shoes." (*Id.*) He further claims that "they racially profiled me and made me look like a men[a]ce to society gave me extra amount of time for a first felony[.]" (*Id.*) Plaintiff notes that when he "left the scene[,] this man was alive calling for his wife." (*Id.*)

Plaintiff complains that his lawyer did not assist him and "made it seem like he would help me [but instead] used things against me especially my words[,] just like the D.A." (*Id.*) Plaintiff also states that he "had no money for a lawyer but there are serious loop holes[,] [such as] using illegal footage[.]" (*Id.* at 5.) For relief, Plaintiff seeks the return of his property.

According to records maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), DOCCS took custody of Plaintiff on August 1, 2024, following his conviction for second-degree murder and sentence of 18 years to life in prison.[3] New York State court records do not show that Plaintiff appealed his judgment of conviction.

**DISCUSSION**

Plaintiff sues the Orange County Courthouse, challenging his criminal proceedings and seeking the return of his property. As an initial matter, any claim that Plaintiff seeks to bring

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Department of Corrections and Community Supervision, Incarcerated Lookup, Stansberry, Damante, https://nysdoccslookup.doccs.ny.gov/ (last visited Sept. 22, 2026).

against the Orange County Courthouse must be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Because a courthouse is not a "person" for purposes of Section 1983, the Orange County Courthouse is not a proper defendant in this Section 1983 action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Sup. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court is not a "person" within the meaning of Section 1983); *see, e.g.*, *Donnay v. Yonkers Police Dep't*, No. 25-CV-9356 (JGLC), 2025 WL 3754899, at *2 (S.D.N.Y. Dec. 29, 2025) ("The [Yonkers] courthouse is not a 'person' for purposes of Section 1983[.]"). The Court therefore dismisses Plaintiff's Section 1983 claims against the Orange County Courthouse for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(A)(b)(1).

To the extent Plaintiff seeks to challenge his underlying criminal proceedings, this challenge must be raised in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, *see Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that a petition for a writ of *habeas corpus* is the sole remedy for an individual seeking to challenge the fact or duration of his confinement)), following Plaintiff's exhaustion of his state court remedies, 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). The Court declines to construe this action as a Section 2254 petition because the petition and publicly available records do not show that Plaintiff exhausted his state court remedies by filing a notice of appeal with the appropriate Appellate Division and seeking leave to appeal any unfavorable decision by the Appellate Division from the New York Court of Appeals.

Finally, to the extent Plaintiff seeks an order from this Court directing the return of his property, presumably seized at some point during his arrest, he must seek this relief either directly from the appropriate property clerk or in the state courts. *See, e.g.*, *Lipscomb v. Prop. Clerk of City of Newburgh Police Dep't*, 188 A.D.2d 993, 993-94 (1992) ("'Once all criminal proceedings involving confiscated property have terminated and a demand for the property has been made, a property clerk must turn over to a claimant any such property that is not 'per se contraband', that is, "'objects the possession of which, without more, constitutes a crime.'") (quoting *United States v. Farrell,* 606 F.2d 1341, 1344 (D.C. Cir. 1979) (quoting *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699 (1965))). Accordingly, the Court denies this request without prejudice.

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to construe the complaint as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Because Plaintiff's complaint makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. Finally, the Court denies Plaintiff's request for the return of his property without prejudice to his attempt to seek this return from the appropriate property clerk or state court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: October 5, 2026
New York, New York

PAUL A. CROTTY
United States District Judge